UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHPRESIM HAXHAJ, *on behalf of* SHPENDIM HAXHAJ,

                Petitioner,

-v.-

WARDEN OF CAMP MEDICAL CENTER FOR FEDERAL PRISONERS SPRINGFIELD,

                Respondent.

24 Civ. 5613 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On July 7, 2025, Mr. Shpendim Haxhaj, by and through a family member purporting to hold power of attorney, Mr. Shpresim Haxhaj, filed a "Request for Reinstatement of Petition and Recognition of Power of Attorney" in this action. (Dkt. #8). The very same document was also filed in another action, No. 25 Civ. 5354 (LTS) (KPF). The Court denied this request in a July 9, 2025 Order, which was filed at docket entry 4 in No. 25 Civ. 5354. For the very same reasons why the Court already denied this request as filed in No. 25 Civ. 5354, it denies the request in this action. The Court has enclosed a copy of the July 9, 2025 Order for reference.

    The Clerk of Court is directed to terminate the motion at docket entry 8, and to mail a copy of this Order to Mr. Shpresim Haxhaj's address of record: 1906 White Plains Road, Bronx, New York, 10462.

SO ORDERED.

Dated: October 3, 2025
        New York, New York

                                         KATHERINE POLK FAILLA
                                         United States District Judge

Enc.

# 25 CV 5354

Petitioner: Shpresim Haxhaj behalf of Shpendim Haxhaj

Respondent: U.S. SOUTHERN DISTRICT OF NEW YORK,

## EMERGENCY PETITION FOR WRIT OF HABAES CORPUS UNDER 28 U.S.C §2241

**I Shpresim Haxhaj, affirm the following:**

**Request for Reinstatement of Petition and Recognition of Power of Attorney**

Dear Judge Laura Taylor Swain,

I respectfully request that the Court reinstate my petition on behalf of Shpendim Haxhaj, dated July 19, 2024, on the grounds that I never consented to the petition being transferred to Missouri. I also respectfully ask this Court to investigate the conduct of Hudson County officials, particularly regarding whether the use of force against my brother was justified. I ask that this justification be supported with clear evidence and documentation.

I personally witnessed my brother on May 22, 2025, during his sentencing hearing. Everything described in my July 19, 2024 petition explains the origin and progression of his current deteriorated condition. My brother has been reduced to a state resembling that of a prisoner in a World War II refugee camp visibly malnourished, neglected, and hopeless. This description may seem strong, but as an Albanian, I struggle to find any other term to convey what I saw.

Unfortunately, public perception of Albanians has been negatively shaped by Hollywood portrayals. For instance, the movie *Taken*, starring Liam Neeson, and *Deep Cover*, available on Amazon Prime, depict Albanians as inherently violent criminals. In *Deep Cover*, the backgrounds of other criminal characters are vague, while the Albanian characters are given heavy, stereotyped emphasis. I find this portrayal deeply suspicious, and I have heard rumors that some of this anti-Albanian stigma is propagated by Serbian actors in Hollywood. This pattern of propaganda is not unprecedented similar tactics were used by Soviet operatives during the Reagan era to destabilize American perceptions.

This matters because Albanians have a proud history of protecting the vulnerable, including sheltering Jewish refugees during World War II when many other European countries closed their borders. Albanians hold sacred oaths, including

*Besa*, the promise of protection. To attack the dignity of Albanians such as my brother is to deny the contributions that Albanian-Americans have made to the United States, from Mira Murati, co-founder of ChatGPT, to Dua Lipa, a globally recognized artist.

I know my brother Shpendim Haxhaj to be a brave, God-fearing man who has always been conscious of his appearance and dignity in front of others. I can only imagine the psychological torment he must be experiencing if he is aware of how severely he has been degraded.

## Constitutional Concern: Power of Attorney and Pro Se Rights

One of the most pressing constitutional issues here is the validity and recognition of the Power of Attorney (POA) that my brother executed on October 12, 2023, assigning me authority. Unfortunately, multiple courts and agencies have deflected or ignored this instrument, leading to an ongoing dispute I now ask this Court to resolve.

This POA specifically authorizes me to exercise his pro se rights on his behalf, not to act as his attorney, but to stand in his place because he is incapable of doing so himself. I firmly believe that denying me the ability to enforce his rights exactly as he would constitutes a direct violation of his pro se rights.

On August 15, 2024, the Honorable Judge Stephen R. Bough correctly articulated the test for "next friend" standing:

> "An adequate explanation such as inaccessibility, mental incompetence, or other disability why the real party in interest cannot appear on his own behalf to prosecute the action."

In response: My brother was deemed incompetent around this time, and that should satisfy this requirement for that moment.

Regarding the general federal rule under 28 U.S.C. § 1654, I understand that a power of attorney does not permit someone to act as legal counsel. However, I am not acting as his lawyer. The POA specifically confers his pro se rights to me, allowing me to act as him, not for him. Denying the effectiveness of that delegation is not just a technical rejection it amounts to a denial of his fundamental constitutional right to control his own litigation strategy, particularly as a pro se litigant who cannot speak for himself.

To deny that right is to say that only those with a law license may represent the interests of the voiceless, a dangerous proposition that undermines the spirit of pro se jurisprudence.

## Relief Humbly Requested:

1. Reinstate the petition dated July 19, 2024, filed on behalf of Shpendim Haxhaj.
2. Recognize the Power of Attorney executed by Shpendim Haxhaj on October 12, 2023, authorizing me to act in his stead.
3. Postpone the sentencing, which currently falls on Election Day. It is deeply inappropriate and emotionally damaging to ask our family to participate in civic duties like voting while enduring such a traumatic proceeding.
4. Permit me to sit beside my brother during court proceedings, to ensure that his rights are protected and that he can communicate effectively through me.
5. Transfer Shpendim Haxhaj to Springfield Medical Center (MDC) in Missouri so he may be re-evaluated by the same doctor who originally found him incompetent. This would ensure continuity of care, consistency in evaluation, and fairness, particularly since my family and I accepted the original determination based on his observable condition at that time. In contrast, the current finding of competency is not acceptable to us, given his visibly deteriorated state. Additionally, the Metropolitan Detention Center (MDC) where he is currently held lacks the specialized psychiatric resources and forensic evaluation infrastructure that Springfield, Missouri possesses. Therefore, I respectfully request that proceedings be halted and he be transferred back to Springfield, and that the original evaluating physician be allowed to make a new, independent competency determination.
6. Please Seal this petition due to his medical state being mentioned.
7. I respectfully request that this Court immediately halt or postpone today's sentencing 6/24/24, 2pm, pending:
   - A full determination of Shpendim Haxhaj's current mental competency by the same doctor at Springfield Medical Center who previously evaluated him,
   - A ruling on the validity and scope of the Power of Attorney executed on October 12, 2023, and
   - Consideration of the constitutional and procedural implications of proceeding with sentencing under the present circumstances.
8. Allow me to email court for submissions free of terms and conditions.

Thank you for your time, consideration, and commitment to justice.

Respectfully submitted,

*Shpresim Haxhaj*

*[signature]*

*[signature]*
Mei-yi wong
Notary Public, State of New York
Reg. No. 01WO0028085
Qualified in Bronx County
Commission Expires 08/20/2028

June 24, 2025

1 of 4

Application DENIED.

The Court cannot reinstate the July 19, 2024 petition, as that matter was transferred to the Western District of Missouri, and Petitioner did not act prior to the receipt of the action's papers by the clerk of the transferee court to stay the transfer or otherwise attack the decision; nor does Petitioner argue that the Court lacked the power to issue the order of transfer. *Cf. Warrick* v. *Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *Tlapanco* v. *Elges*, No. 15 Civ. 2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017).

Setting aside for the moment whether Petitioner can bring any of these requests on behalf of Shpendim Haxhaj as his next friend, the requests related to the timing and circumstances of Shpendim Haxhaj's sentencing, which has already occurred, are denied as moot. The request regarding "[r]ecogniz[ing] the Power of Attorney" is denied for the reasons explained below. And the request regarding transferring Shpendim Haxhaj to Springfield Medical Center is denied because the Court has already sentenced Mr. Haxhaj and recommended that he be designated firstly to MCFP Springfield, or a similar medical facility, and if and when BOP determines that he need not be designated to a medical facility, then secondly to a facility with the appropriate security level in the New York City metropolitan area. (No. 21 Cr. 17 (KPF), Dkt. #357).

The Court will not construe this application as a new *habeas corpus* petition brought by Shpresim Haxhaj on behalf of Shpendim Haxhaj as his next friend regarding his current detention. If Sphresim Haxhaj were to file such a *habeas* petition, the Court advises him that it found Shpendim Haxhaj competent to be sentenced, and that Shpendim Haxhaj continues to be represented by counsel. Shpresim Haxhaj will need to establish that he can proceed as Shpendim Haxhaj's next friend. *See Ross ex rel. Smyth* v. *Lantz*, 396 F.3d 512, 513-14 (2d Cir. 2005) (citing *Whitmore* v. *Arkansas*, 495 U.S. 149, 163-64 (1990) (holding that a "next friend" must provide an adequate explanation why the real party in interest cannot appear on his own behalf to prosecute the action, such as inaccessibility, mental incompetence, or other disability)); *see also, e.g.*, *Connally-Bey as next friend to Soto* v. *Caputo*, No. 22 Civ. 2966 (LTS), 2022 WL 1137166, at *2 (S.D.N.Y. Apr. 18, 2022) ("Because the submissions do not set forth any reason or explanation of the necessity of resorting to the 'next friend' device, [the petitioner] does not have standing to bring this petition on behalf of [the person in custody]."). The purported power of attorney document might play a role in such a "next friend" analysis.

The Clerk of Court is directed to file this endorsement under seal, viewable only to the parties and the Court, and to mail a copy of this endorsement to Petitioner at his address of record.

Dated:    July 9, 2025
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE